21-1410 Thank you, Judge. I'd like to reserve whatever time remains if there is for rebuttal. This case, this is the fourth time there's been an appeal involving the rulings of Judge Arguello regarding the sealing of the transcripts in the Walker habeas proceeding. The first three times, of those three times, the case that's most important was the January 2019 ruling of this court, where the court remanded the matter to Judge Arguello, finding that she had abused her discretion in sealing the transcript of the proceedings and told her, instructed her, rather, to apply what's the rule is a narrow rulings, narrow analysis in sealing the record, and also to look at other factors, such as the passage of time and other issues that might have arisen as a result of that. As the court, I'm sure, is well aware, the subsequent proceedings were an instruction to Judge Arguello to make a new ruling. I ended up filing a mandamus writ with this court, which the court denied. Then the court also said, I forgot the exact language, but said that, yes, just instructed Judge Arguello to move with some alacrity in making her ruling. She made that ruling in November of 2019. There was then an attempt by the church, as an intervenor, to appeal Judge Arguello's November 2019 ruling. The court did not rule again on the merits of the November 2019 ruling of Judge Arguello, which is where she laid out in some detail why she was sealing the transcripts. You're saying this court did not rule on it. Correct, correct. Because it was dismissed as untimely. Exactly. Subsequent to that, in November, when Judge Arguello finally issued her ruling, rather after the November, after that 2020 decision of this court kicking the appeal on the merits, my client, Mr. Banks, filed his own motion seeking access to the challenging Judge Arguello's decision, ruling. Okay. That decision was handed down at the end of 21. Okay. And that again was after. So we're talking about the same request for relief. Correct. We want the transcripts. We want the pleadings. Right. From the 20 to 55. Correct. And that is the crux of the complaint by the church and also by your client. I represent David Banks in this. David Banks. I also, in a sense, I represent the public because the public has a right. There is a presumption that all judicial records, and I'm not talking about. But focusing on you represent Mr. Banks. Correct. And Mr. Banks has not. This is his first motion. Correct. To unseal. Correct. He hasn't been in front of this court before on this issue. In the January 2019 ruling, there was a specific ruling by the court of appeals that he was not a participant in that case. Okay. So he is not. Because he had dismissed Miss Lawson. Yes, that's correct. He had new counsel. I think Mr. Fitzgerald, I think was his name. At any rate, so it comes down to whether Judge Arguello's ruling in the November 2019, that long decision, okay, was a correct decision. That decision was, it's our position, Judge, that that position, that her ruling was completely ignored, local civil rule 7.2, and applied a standard that basically would seal any proceeding in any court without any basis whatsoever. I cited in my, for example, I cited in my reply brief 20 or 30 motions that have been filed, pleadings, I don't know if they were motions, pleadings filed by Walker's counsel. And every single one of those pleadings, all that happened was the lawyer changed the date on the pleading, and there was no specifics of the pleading, and the next day Judge Arguello seals that record. So we have no idea what was in that record. I put in my brief that I had one of my paralegals, and I assume she could add well, that there were about 16,000 lines of transcript in the habeas proceeding, all but 2,500 were order sealed by Judge Arguello. And if you look at the reasons that … And she also unsealed some of, she also unsealed some of the trial testimony. Yeah, she unsealed a small portion, I think a portion involving a process server, and there was a small portion involving Attorney Lawson. But if you look at the rationale of Judge Arguello, first of all, she focuses completely on a just cause and on Pastor Banks. I don't represent a just cause here, I don't represent Pastor Banks, I represent David Banks. Well, I mean, the unwritten factor, I mean, is you represent the son of Pastor Banks, correct? Well, yes, he happens to be the son of Pastor Banks, that's correct. And so the trial judge has some concern based on past conduct that if certain information is shared with Pastor Banks or with the church, that it could very well result in harassment of witnesses, just like we had harassment in the past, and even, most egregiously, harassment of jurors. Okay, well, let me address that issue, Judge. Okay. First of all, there's no evidence whatsoever that my client, David Banks, ever engaged in any harassment whatsoever, any witness intimidation or anything like that. Well, that's not the point. The point is what was the basis of the district court's ruling, and I think Judge McHugh just laid it out. What?  Correct. Right, but there was no, in fact, there's no evidence, if you look at Judge Arguello's ruling, although she talks about harassment and she talks about the individuals being supposedly at risk, there's nothing specific, there's no claims specific of any specific actions that were taken. What she does talk about is the fact that a just cause published comments that were, that Judge Arguello viewed as maybe insulting or not very complementary to her. And whether a just cause does that or not is completely irrelevant because it's, they have the First Amendment right to produce, say anything they want. And if they want to criticize a judge and use bad language or use insulting language, honestly, that kind of comes with the ropes. If you issue a decision that someone doesn't like, someone's always going to say something bad. That is not a reason to seal an entire record. Well, let me ask you this. What's the standard here on review if she stated her reasons for why something is sealed? The standard, okay, the standard, Your Honor. It's a massive discretion, isn't it? Okay. The standard, I think, is clearly laid out in local civil rule 7.2. It says you have to address the interest to be protected and why such interest outweighs the presumption of public access. Secondly, you have to identify a clearly defined and serious injury that would result if access is not restricted. Okay, the local rule is different than a standard of review. I'm sorry? The local rule is different than what the standard of review is. I'm asking you, as we look at this order and we're reviewing it, is it de novo? Do we start all over? Is it abuse of discretion? What is the standard that we apply? I think under these circumstances it's a de novo review because I think that Judge Arguello is no longer on the bench. I don't think whether the judge is on the bench is relevant. Well, no, I understand that. Okay, but I think what I'm asking for is a case to be remanded to a district court judge to actually review the record and make a determination applying the standards that were set forth in the January 2019 ruling and also apply from the beginning, starting with there is a presumption that everything is open to the public. So your view, as I have heard it and have read it, you believe that your client, Mr. Banks, was not a party to the prior litigation, nor was he in privity to any party of the prior litigation, even though the district court's prior ruling was entered on the docket of his criminal case. That's true. It was entered on the docket. But as for two things, Judge, first of all, in the January 2019 order, there was specific language that Mr. Banks was not a party to that proceeding. And if I may, it says it's on. Right, I've read that. Okay. It's what just specifically says he's not part of this appeal. He's not part of what's going forward. He's not part of this ruling. But even more important, Your Honors, is that there's no showing that the, if this matter is sent back down to a district judge or whoever would be a magistrate judge, whoever would make that determination, that what specific risk, what specific definable identifiable harm could come to each individual in the event that this information was disclosed. The fact that so much of the record, 85% of the transcript, and as I mentioned before, pleading after pleading was just effectively, with all due respect to Judge Arguello, rubber stamped as sealed without any indication as to why that particular pleading should be sealed, indicates that the wrong standard was used. Did your client, did he have access to those pleadings when they were filed? No, he did not. Was he in the courtroom when the hearing was held on the 2255? He was in the courtroom. Wasn't he in jail? Actually, I do not know if he was in the courtroom. This was the habeas, so I don't know if he was. The courtroom was open to the public. So if you want to presume that he was available. Were the individuals representing the church and church members and pastor banks, were they in the courtroom when the hearing was held? I don't know, Judge. I can't answer that question for you. I don't know if they were. And actually, that's actually a good point, Your Honor, because if the court was so concerned with the risk to witnesses, the risk to BOP personnel,  if the risk was that great, and, Judge, I've handled a lot of cases, including terrorism cases. I've never seen a case where so much of a transcript was sealed and just there's no indication as to why, what the specific threat was. Well, if someone's present in the courtroom and they heard the testimony, it kind of cuts both ways, really. I mean, in addition to the fact that, obviously, they didn't seal the proceedings, so they were, at that moment, made public, there's also, you have a lesser need for it because you were there and heard it, right? Well, that's true. But at the same time, Judge, it does, the ruling does serious injury to the basic principle of public access. I mean, a judge could, any judge then could say, well, I'm sealing all the record, but everyone was here, including members of the press, so it doesn't make a difference. Well, that's not the way it works. The way it works is that the information is available to everybody. And as far as this, I just want to make this point about that you addressed this issue of privity, because I know the court had asked for supplemental Rule 28 briefs, and I submitted a letter brief on the 28th of October, and I think a subsequent one on November 9th. I think that privity in this context is the same as a criminal conspiracy, the principles. If you're part of a criminal conspiracy, the only way you really leave that conspiracy is you take some proactive step of, I'm not part of that conspiracy anymore. The privity here, I think, is the same, could be the same principle. You have to take some sort of proactive step to leave that privity. My client took that proactive step by relieving Lawson as his attorney, getting a separate attorney, I'm not part of this action anymore, I ain't part of this, what's going on here. You guys are on your own here in this appeal, therefore I should not be there. Could he have appealed that ruling, the district court's ruling? You mean the initial ruling of 2019? Correct. No, I don't believe that he did appeal that. Could he have? Could he have? Yes. I believe he could have appealed that, yes, but he didn't. I mean that's one of the reasons the church made the appeal. The interest, remember, Judge, was to just get the record out there. I just want to make some other observations. Isn't that a problem for you, if he could have appealed and he didn't? No, because I'm appealing the decision on my motion from February of 21. So you get to start over because you filed a new motion, even though we're talking about the same transcript and the same pleadings. Right. And the feeling, the belief was that that November 2019 decision of Judge Arguello was a bad decision. There was a decision, there was a motion filed challenging that decision. No one, and actually I should tell you that the government, neither the government nor Walker's counsel ever filed any opposition to the motion that I filed on behalf of banks or the district court. They're completely gone. This is the only time they've actually ever appeared is on this appeal. So there's been no attempt by the government or the, and Judge Arguello never raised any issue about timeliness or anything else. So I think that this is clearly a timely issue. Well, I would think from the district court's second ruling, the ruling on Mr. Banks's motion, I think she made very clear that I've seen this movie before and I'm ruling on it the same way as I did before. And the same basis I used before are still valid today. That's right. But since that time in November, in February of 21, when my client filed the motion, circumstances had changed. Because one of the issues that Judge Arguello raised in her, in her ruling was that she was concerned that the defendants, my client and his co-defendants were still in, they were at Florence at the low. And there might be some issue about BOP personnel. They're all out. They were all released. And I think the beginning of January of January of 21, January of 20. So that issue is gone. So new issues, new facts have arisen that have served as a basis for my client seeking the, that I'm not asking to stand your honor. You're out of time. So I apologize. Your Honor. Okay. Thank you very much. Thank you. May it please the Court, Michael Johns for the United States. Your Honors, we submit that claim preclusion and issue preclusion apply in this matter and particularly with respect to the motion that the Colorado Springs Fellowship Church filed in the District Court. Well, let me, you, Mr. Banks was not a party to our prior decision from 2020. Would you agree with that? That's correct. We specifically ruled that he had fired Ms. Lawson, hired his own counsel, and she didn't have any ability to represent him, right? That's correct. Okay. So I guess your argument is that he is in privity with the church? Exactly. I'll refer to the church as the church or CSFC. He's in privity with the church, in particular with respect to the motion that the church filed, which was filed in the District Court as ECF Document 1106. The government's filed a motion asking the court to take judicial notice of these additional documents as a consequence of the court's order for supplemental briefing. So I'm referring to the ECF Document 1106. That was, that case, that motion shows that plain preclusion applies here. I won't go through the four factors. I have a little trouble with this concept because as I understand a motion to unseal the record, you can, the same party can move to unseal the record three years later saying things have changed and now there's no longer any reason to keep these sealed, right? That's correct. Okay. So we have time passed. We have things that have changed. The people that were all housed in the same correctional facility are no longer there. You've had time pass. There may or may not have been a period that's gone without any harassment of witnesses or So why, why even if Mr. Banks were a party to the prior action, why couldn't he bring another one today saying under current circumstances, there's no reason to seal these documents and testimony? If he were to present such an argument to a district court and he were to present these types of facts and he were able to show changed circumstances, the government agrees that that could support the argument that the material should be released. But the issue here is not, is different than that. Well, nobody, when he filed the motion in the district court, nobody screamed, oh, issue preclusion, claim preclusion. So he had no reason to come back and say, hey, it's been how many years and things have changed. That's correct. But that's not what is in front of this court. What's in front of this court is whether or not the district, district court abused its discretion when it issued its decision in 2021. If Mr. Banks wishes to bring an additional, a new motion, alleging claim changed circumstances, he may do so, but that's, that's not what's been presented to this court at this time. But the new decision from the district court was in response to our prior remand order. And one of the things we told the district court to consider is whether circumstances have changed. Right? Correct. And it ruled that the circumstances had not changed. In the court's decision, which is part of the record, the page one of that decision, the court, the court states, this is, the court states that it's, it's, it's made its decision based on, it's, it's consideration of the, of the present circumstances. Right. But then when it lists what it's concerned about, it's all stuff that happened before the prior decision. It reviewed the material and its analysis of the current circumstances at that time led the court to believe that there continued to be at that time, a, a concern about retaliation and harassment and therefore the court in 2021 determined to continue to restrict the documents. Well, the court didn't even rule on the documents, did it? It ruled on the testimony, didn't even discuss the documents. The court did deny the, the, the motion, the CSFC filed a motion and it asked to unseal the transcripts and it also asked to, to unseal the documents related to the 2255, which, which had been restricted. And this is a pageant. But, but it discusses the, the transcript and talks about particular witnesses and then just denies everything. Correct. Doesn't discuss, we have no idea what's in the documents. It, it, the court's decision suggests that the court was denying the request to unseal the additional material for the same reasons it was determining to deny the request to unseal the transcript material. But there's documents in there that, that have absolutely no relevance to these concerns. I mean, there's, there's documents in there that are a two page notice of, of something that doesn't in any way reflect upon any threat to anyone by the church or anyone else. I mean, I guess I'm, I'm concerned because I, you know, whether you agree with the law or not, it seems to require a pretty careful review of what should be sealed and what shouldn't be sealed. And certainly the court is entitled to its legitimate concerns about threats to witnesses and jurors and former church members. But you've got to tie, I think, that there's another step where in your analysis you have to tie that concern with what you're sealing. And I think that step is missing here. We argued in our answer brief that Mr. Banks failed to raise this issue in his opening brief and he also, he's also failed to raise this issue in his reply brief. His opening brief mentions the non-transcript sealed material in a cursory manner in one heading of the opening brief, but he doesn't, doesn't make any substantive argument as to why the non-transcript material that is with sealed should be unsealed. And then similarly in his reply brief, it doesn't contain a substantive challenge to the district court's decision in 2021 as to why the non-transcript material should be unsealed. So we have argued that he's waived this issue. And if your honors disagree and are of the view that he has not waived the issue, we understand that the court could remand to the district court on this limited issue of whether the non-transcript material should be unsealed. Could we just do it ourselves? I mean, we've been up and down and up and down. I mean, I mean, is remand the only option? No, the, I, this court could make that decision itself. That's correct. But as to the transcript material that the district court ruled on where the court determined that the material should remain sealed, we submit that claim preclusion and issue preclusion apply as to the court's ruling on the transcript material. And we were relying in particular on the CSFC's motion that it filed. And we submit that the four prongs of the claim preclusion test have been met here. The motion it filed, I mean, the church filed many motions, which motion are you speaking of? It's the ECF document number 1106. Okay. Got it. And we submit that claim preclusion applies as to that motion. They're really, of the four prong test, there are really only two prongs that are at issue. The privity prong, which is the, it's showing an identity of the parties or their privity or their privies. And then the other prong really that's at issue is the... So in your view, is every member of a church in privity with their church? No. Mr. Banks is in privity with the church here because the church is led by Pastor Banks. She is the head of the church. She directs the church. She is the church in all respects. And Mr. Banks is her son. And so he's in privity with the church in that respect. Because he's her son? No, not necessarily because he's her son. There's privity as well for the other reasons as well. Mr. Banks says he wants these documents so that he can try to get a pardon and for purposes of trying to prove his own innocence. If he asserts a defense like, I think, Mr. Walker, do I have the name right? Maybe? Yes, Mr. Walker. Mr. Walker. He's going to basically say that I was brainwashed and manipulated by these people. Mr. Walker made that argument in his 2255 based on the representation that Gwendolyn Lawson provided to him in the underlying criminal matter. But Mr. Banks did not have Ms. Lawson as his counsel. He is not alleging in his moving papers to this court that he has any interest in bringing a 2255 action alleging ineffective assistance. He's never raised that claim at all. No, he's seeking a pardon, allegedly, a presidential pardon. And based on, I mean, it appears to be that he has a similar argument that somehow he wasn't acting with his free will. He's never alleged that. He's claiming he should receive a pardon for vague reasons. He never says exactly why a pardon would be appropriate. Did he raise this issue before the district court? He did, and Judge Arguello properly discounted that argument. These personal reasons that he now raises on appeal were raised before the district court? Yes, and she rejected those. And this is, in our answer brief at pages 25 to 27, we specifically address this. And we also cite to Judge Arguello's decision where she found that he did not have a legitimate reason in seeking the material. The records don't concern him, from the 2255 records don't concern him. The records could not assist him in his own separate ineffective assistance claim should bring one because Ms. Lawson was not his counsel. He hasn't, he never made a, he didn't make a showing to the district court that somehow these records could assist him in a presidential pardon. And also the district court also found that his interests were essentially his mother's interests. And we cited the case from this court, Snyder v. Accord, where this court said a failure to articulate a legitimate interest in the records shows that there's no legitimate interest in disclosure of the documents. In his motion, the one that's now caused this appeal, did he go through an analysis of the earlier district court ruling and point out errors that the district court made in its ruling? His motion, his current motion is... His current motion to unseal that the district court denied. He did argue that the district court should release the materials on First Amendment grounds and also... But did he, yes, generally yes, but did he say why the district court erred? What was wrong with her initial ruling is what I'm trying to say. Did he walk through that and make that plain to the district court? He argued that he had a First Amendment right to the material and generally cited First Amendment case law. And then he also argued that he had this personal interest in obtaining the material so he could seek a presidential pardon. Those were his two main arguments. And just getting back quickly to this issue of privity, because I notice that my time is expiring. There is privity here. Mr. Banks and the church in its motion relied on the same identical facts. They made the same claims. They sought identical relief. Both the church and Mr. Banks, both sought unsealing of the transcripts and also unsealing of the documents related to the 2255. This is in the church's motion, ECF 1106 at page 9, and Mr. Banks' motion, which is ECF 1171 at page 1. So there is privity here. And then finally, Mr. Banks also argues that there is no final judgment on the merits, but the district court's decision as to the church's motion goes into exhaustive detail as to why the church should not be provided access to the documents that were sealed. My time is expiring. I'm happy to answer any additional questions the court may have. Thank you. Thank you. And you are out of time, so we will take this matter under advisement.